# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS J. LOWRANCE and <br> CYNTHIA S. LOWRANCE, <br>       Plaintiffs, <br>    v. <br><br> SEAN CHAPMAN, <br>       Defendant. | No. 14 C 95 <br><br> Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Thomas J. Lowrance ("Lowrance") and Cynthia S. Lowrance ("Cynthia") filed *pro se* in the Circuit Court of Cook County a complaint against defendant Sean Chapman ("Chapman"), an attorney who had represented Lowrance in connection with a criminal case in which Lowrance entered a plea of guilty. In their complaint, Lowrance asserts five counts: breach of contract, breach of fiduciary duty, attorney malpractice, fraud and conflict of interest. Cynthia adds a sixth count for loss of consortium.

Chapman removed the case to this Court. The Court has diversity jurisdiction, because plaintiffs are citizens of Illinois, defendant is a citizen of Arizona and the amount in controversy is greater than $75,000.00. Chapman now moves to dismiss plaintiffs' complaint for lack of personal jurisdiction, improper venue and for failure to state a claim. For the reasons set forth below, the Court grants the motion.

## I. Background

In or about September 2004, plaintiff Lowrance was indicted in the United States District Court for the District of Arizona and charged with conspiracy to possess with the intent to distribute marijuana. (According to Lowrance's plea agreement, of which the Court takes judicial notice, in March 2004, Lowrance was involved in a conspiracy that moved more than 4,000 pounds of marijuana from Tucson, Arizona to Chicago, Illinois.) Lowrance hired Chapman, an Arizona attorney, to represent him in connection with the criminal case.

Chapman has submitted an affidavit in which he states facts related to jurisdiction. Chapman practices law exclusively in Arizona, where he has resided (and has been a citizen) since the 1960s. It was Lowrance who contacted Chapman about representation, and Chapman agreed to represent Lowrance. All of the court hearings at which Chapman represented Lowrance were held in the District of Arizona. All of the pleadings Chapman drafted on Lowrance's behalf were drafted in Arizona, and all of the bargaining Chapman did on behalf of Lowrance was done in Arizona. All of Chapman's evidence collection on behalf of Lowrance was conducted from Arizona, although Chapman traveled to Illinois once to attend a deposition in connection with Lowrance's case. That is the only time Chapman has ever been in Illinois. Chapman does not own property in Illinois or conduct business in Illinois.

In Lowrance's complaint, he alleges that, in August 2006, he accepted a plea deal and entered a plea of guilty. According to Lowrance's complaint, Lowrance was "allowed . . . to argue the gun enhancement charges at Sentencing." (Lowrance Complt. ¶ 4). Lowrance alleges that he and Chapman agreed that Chapman "would present their defense to the gun charges at sentencing." (Lowrance Complt. ¶ 5). Lowrance alleges that, "[a]t sentencing, on September 10,

2007, however, defendant Chapman failed to argue anything at all and failed to provide any defense whatever to the gun charges and as a direct and proximate consequence of that Lowarance [sic] was sentenced for the gun charges on top of the base charges." (Lowrance Complt. ¶ 8). Lowrance claims he "was found guilty of those specific gun charges and suffered a five (5) year enhancement of his prison time from 1 year to 6 years." (Lowrance Complt. ¶ 13). (Page 2 of Lowrance's plea agreement states, "The parties agree that the defendant will receive a sentence of 87 to 108 months.") Lowrance asserts that by failing to present a defense to the gun charges, Chapman breached their contract, breached his fiduciary duty to Lowrance and committed legal malpractice and fraud.

Chapman filed a motion to dismiss. Chapman argues that the Court lacks personal jurisdiction over him, that venue is improper and that plaintiffs fail to state a claim upon which relief may be granted.

## II. Discussion

### A. Personal jurisdiction

Chapman first asks the Court to dismiss the case for want of personal jurisdiction. Where, as here, a federal court exercises diversity jurisdiction, it has personal jurisdiction over non-resident defendants only to the extent the state in which it sits would have personal jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1996). The Illinois long-arm statute allows personal jurisdiction if it would be allowed under the Illinois Constitution or the United States Constitution. 735 ILCS 5/2-209(c). The personal jurisdiction analysis is essentially the same under either. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Houston Metroplex, PA*, 623 F.3d 440, 443 (7th Cir. 2010). "Under the Supreme Courts' well-established

interpretation of the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists*, 623 F.3d at 443 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Here, the Court does not have general personal jurisdiction over Chapman, because he does not do business here. Chapman does not have an office here, and he does not own property here. Chapman has been to Illinois only once in his life. That time, though, was in connection with his representation of Lowrance, so the Court must consider whether it has specific personal jurisdiction over Chapman. Specific personal jurisdiction "is appropriate when the defendant purposefully directs [his] activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists*, 623 F.3d at 444. Here, plaintiffs' claims arise out of Chapman's actions (namely, his failure to argue against the gun charges) at the sentencing hearing on September 10, 2007. Those actions occurred solely in Arizona, as did nearly all of Chapman's actions on behalf of Lowrance. Lowrance does not allege that Chapman's single trip to Illinois (to attend a deposition) constituted malpractice. Accordingly, this Court concludes that it does not have specific personal jurisdiction over Chapman. *See Mitchell v. Shiffermiller*, Case NO. 03 C 4794, 2004 WL 178188 at *3 (N.D. Ill. Jan. 14, 2004) (granting motion to dismiss for lack of personal jurisdiction and explaining, "it is clear that [plaintiff's] claim in this court for legal malpractice does not arise out of or relate to [defendant's] contacts with Illinois. Nowhere does [plaintiff] allege that any of [defendant's] contacts with Illinois constituted legal malpractice or that [defendant] did anything wrong in Illinois.").

Thus, the Court grants defendant's motion to dismiss for lack of personal jurisdiction.

**B.     Venue**

In any case, venue is inappropriate in this Court, as Chapman argues. This case could be brought in either "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1) & (2). The only defendant resides in Arizona, which happens also to be the place in which the events giving rise to plaintiffs' claims occurred. Thus, the only appropriate venue for this case is the District of Arizona.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). In this case, it would not be in the interest of justice to transfer the case, because plaintiffs' claims arise out of the sentencing hearing that plaintiffs admit occurred on September 10, 2007, which means the claims are barred by the six-year statute of repose applicable to claims against attorneys. 735 ILCS 5/13-214.3(c). Accordingly, the Court dismisses the case for improper venue.

## III. Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss. This case is dismissed for want of personal jurisdiction and for improper venue.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: May 15, 2014